FILED
VANESSA L. ARMSTRONG, CLERK
MAY 0 9 2013
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:12CR-00011-JHM

UNITED STATES OF AMERICA                    PLAINTIFF

VS.

CHRISTOPHER BRIAN EATON, AARON
ADAM BENNETT, AND ERIC DUANE GUFFEY         DEFENDANTS

## JURY INSTRUCTIONS

**************************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments.



However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

A defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. A defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

2

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)   Arguments and statements by lawyers are not evidence;

2)   Questions and objections by lawyers are not evidence;

3)   Testimony I have instructed you to disregard is not evidence; and,

4)   Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of

4

your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DEFENDANTS' ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that a defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt. It is not up to the defendants to prove that they are innocent.

I will now explain the elements of the crimes that the Defendants are accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

## COUNT 1

Count 1 of the second superseding indictment charges that on or about February 24, 2010, in the Western District of Kentucky, Defendants, Christopher Brian Eaton, Aaron Adam Bennett, and Eric Duane Guffey, aided and abetted by one another and Joseph Adam Gene Minor, while acting under color of law, assaulted Billy Stinnett, which resulted in bodily injury to Stinnett, thereby willfully depriving Stinnett of a right secured and protected by the Constitution and laws of the United States in violation of 18 U.S.C. § 242.

For you to find a defendant guilty of the crime of deprivation of a constitutional right under color of law as charged in Count 1of the second superseding indictment, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**, the defendant was acting under color of law;

**Second**, the defendant deprived Billy Stinnett of the right to be free from the use of unreasonable force by one acting under color of law, a right which is secured or protected by the Constitution or laws of the United States;

**Third**, the defendant acted willfully to deprive Stinnett of such right; and

**Fourth**, Billy Stinnett suffered bodily injury as a result of the acts of the defendant.

The term unreasonable force means force that has no legitimate law enforcement purpose. A law enforcement officer is justified in using only that amount of force which is reasonably necessary to arrest someone, prevent escape, or defend himself or another from bodily harm. He may not, however, use more force than is reasonably necessary to accomplish these purposes.

6

In this case, you must determine whether the government has proved beyond a reasonable doubt that the force used against Billy Stinnett was unreasonable under all of the circumstances. In other words, you must determine whether a defendant used an amount of force reasonably necessary to arrest Billy Stinnett, prevent escape, or defend himself or another against bodily harm, or whether instead the defendant used more force than reasonably necessary to accomplish these purposes.

In determining whether the government has proved beyond a reasonable doubt that the use of force was unreasonable, a defendant's use of force is reviewed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

### Aiding and Abetting

Even if you find that the defendant did not personally commit this crime, you may find the defendant guilty if you find that he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an "aider and abettor."

But for you to find a defendant guilty of this charge, as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime as alleged in Count 1 was committed;

**Second**, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that the defendant intended to help commit or encourage the crime.

7

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that charge as an aider and abettor.

To summarize, you may find a defendant guilty of Count 1 in two possible ways. The first is that you may find the defendant assaulted Stinnett. The second is that you may find the defendant aided and abetted someone in assaulting Stinnett. The government does not have to prove both of these ways for you to return a guilty verdict against a defendant on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same way has been proved.



## INSTRUCTION NO. 2

## COUNTS 2 AND 3

Count 2 and Count 3 of the second superseding indictment charges that on or about February 24, 2010, in the Western District of Kentucky, Defendants, Christopher Brian Eaton (Count 2) and Eric Duane Guffey (Count 3), while acting under color of law, failed to prevent other officers from assaulting Billy Stinnett, which resulted in bodily injury to Stinnett, thereby willfully depriving Stinnett of a right secured and protected by the Constitution and laws of the United States in violation of 18 U.S.C. § 242.

For you to find the Defendant Eaton or Defendant Guffey guilty of the crime of deprivation of a constitutional right under color of law as charged in Count 2 or Count 3, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**, the defendant was acting under color of law;

**Second**, the defendant failed to protect Billy Stinnett from the use of unreasonable force while Stinnett was in official custody, a right which is secured or protected by the Constitution or laws of the United States;

**Third**, the defendant acted willfully to deprive Stinnett of such right; and

**Fourth**, Billy Stinnett suffered bodily injury as a result of the acts of the Defendant.

Law enforcement officers have a duty to intervene to prevent the use of unreasonable force by a fellow officer. The second element is satisfied if Billy Stinnett was subjected to unreasonable force, the defendant had a reasonable opportunity to intervene, and failed to intervene.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 3

### DEFINITIONS

"Under color of law" as used in these instructions means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.

To act "willfully" as used in these instructions is to act voluntarily and deliberately. To find that the defendant was acting willfully, it is not necessary for you to find that the defendant knew the specific Constitutional provision or federal law that his conduct violated. You must, however, find that a defendant intended to do an act that violated a person's constitutional rights or federal law.

"Bodily injury" as used in these instructions means a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of a function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.

10



## INSTRUCTION NO. 4

### Alibi of Defendant Christopher Eaton and Eric Guffey

One of the questions in this case is whether Defendant Christopher Eaton or Defendant Eric Guffey were present when other officers allegedly assaulted Billy Stinnett after he was handcuffed.  The government has the burden of proving that the Defendant was present at that time and place. Unless the government proves this beyond a reasonable doubt, you must find Defendant Eaton not guilty on Count 2 and Defendant Guffey not guilty on Count 3, And As to Count 1 for both Defendants. *(JHM)*



## INSTRUCTION NO. 5

## COUNTS 4 AND 5

Count 4 of the second superseding indictment charges that between February 24, 2010, and April 24, 2010, in the Western District of Kentucky, the Defendant, Christopher Eaton, tampered with a witness, Steve Runyon, in violation of 18 U.S.C. § 1512(b)(3).

Count 5 of the second superseding indictment charges that between February 24, 2010, and April 20, 2010, in the Western District of Kentucky, the Defendant, Christopher Eaton, tampered with a witness, Joseph Adam Minor, in violation of 18 U.S.C. § 1512(b)(3).

In order to find the Defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First,** Defendant, Christopher Eaton, knowingly intimidated, threatened, or corruptly persuaded Steve Runyon (as to Count 4) or Joseph Adam Minor (as to Count 5), or attempted to do so;

**Second**, Defendant, Christopher Eaton, acted with the intent to hinder, delay, or prevent the communication to federal law enforcement officers of information; and

**Third,** the information related to the commission or possible commission of a federal offense.

To "corruptly persuade" means to corrupt another person by persuading him to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

Investigators from the Federal Bureau of Investigation are federal law enforcement officers as that term is used in this Instruction.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of the charge.

12



## INSTRUCTION NO. 6

## COUNT 6

Count 6 of the second superseding indictment charges that between February 24, 2010, and April 24, 2010, in the Western District of Kentucky, the Defendant, Christopher Eaton, acting in relation to and in contemplation of a matter within the jurisdiction of the FBI knowingly falsified or made a false entry in a document, specifically an undated Barren County Sheriff's Office report, in violation of 18 U.S.C. § 1519.

In order to find the Defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First**, that Defendant Eaton knowingly falsified or made a false entry in a record or document;

**Second**, that the record or document related to a matter within the jurisdiction of a federal agency; and

**Third**, that Defendant Eaton acted with the intent to impede, obstruct, or influence an investigation of a matter within the jurisdiction of a federal agency.

The Federal Bureau of Investigation is a federal agency as that term is used in this Instruction. The FBI has jurisdiction and authority to investigate allegations that individuals have violated the civil rights of others.

Title 18 U.S.C. § 1519 is meant not only to prohibit obstruction of ongoing federal investigations, but also to prohibit people from falsifying documents or engaging in other forms of obstruction for the purpose of thwarting a federal investigation before it ever gets started. The government need not prove that an FBI investigation was ongoing, or either imminent at the time the document or record was falsified. The government also need not prove that Defendant Eaton actually anticipated that there would be a federal investigation

into his treatment of Stinnett.  Nor is it necessary for the government to prove that Defendant Eaton knew that the FBI had jurisdiction to investigate allegations of civil rights violations or that Defendant Eaton's falsification of a report or document actually succeeded in obstructing or influencing a federal investigation.  What is essential is that the government proves that, in falsifying a document or a report, the defendant acted with the intent to impede, obstruct, or influence any ongoing or future investigation into those matters which were contained in that report or document.

      If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 7

## COUNTS 7, 9, 10, 11

Defendants, Christopher Eaton (Count 7), Aaron Bennett (Count 9), and Eric Duane Guffey (Count 10), are charged with the offense of making a false statement in a matter within the jurisdiction of the United States government on or about April 20, 2010, in the Western District of Kentucky in violation of 18 U.S.C. § 1001, specifically, that each Defendant told the FBI that after Stinnett was handcuffed, neither he nor anyone else physically struck Stinnett. Defendant, Eric Duane Guffey, is also charged in Count 11 with the offense of making a false statement in a matter within the jurisdiction of the United States government on or about March 7, 2011, in the Western District of Kentucky in violation of 18 U.S.C. § 1001, specifically, that he told the FBI that he did not see any blood at the scene of Stinnett's arrest or that he did not previously tell agents of the FBI that he had observed any blood at the scene of Stinnett's arrest.

For you to find a defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the defendant made a statement;

**Second**, that the statement was false;

**Third**, that the statement was material;

**Fourth**, that the defendant acted knowingly and willfully; and

**Fifth**, that the statement pertained to a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States government.

A statement is "false" if it was untrue when it was made, and the defendant knew it was untrue at that time.

A "material" statement or representation is one that has the natural tendency to

15

influence or is capable of influencing a decision of the Federal Bureau of Investigation.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A matter is "within the jurisdiction of the executive, legislative, or judicial branch of the United States government" if the Federal Bureau of Investigation has the power to exercise authority in that matter.

It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government or that the statements were made directly to, or even received by, the United States government.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 8

## COUNT 12

Count 12 of the second superseding indictment charges that on or about February 24, 2010, in the Western District of Kentucky, Defendant, Christopher Brian Eaton, while acting under color of law, assaulted Billy Stinnett by striking him in the area of his groin, thereby willfully depriving Stinnett of a right secured and protected by the Constitution and laws of the United States in violation of 18 U.S.C. § 242.

For you to find the defendant guilty of the crime of deprivation of a constitutional right under color of law as charged in Count 12, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**, the defendant was acting under color of law;

**Second**, the defendant deprived Billy Stinnett of the right to be free from the use of unreasonable force by one acting under color of law, a right which is secured or protected by the Constitution or laws of the United States; and

**Third**, the defendant acted willfully to deprive Stinnett of such right.

The term unreasonable force means force that has no legitimate law enforcement purpose. A law enforcement officer is justified in using only that amount of force which is reasonably necessary to arrest someone, prevent escape, or defend himself or another from bodily harm. He may not, however, use more force than is reasonably necessary to accomplish these purposes.

In this case, you must determine whether the government has proved beyond a reasonable doubt that the force used against Billy Stinnett was unreasonable under all of the circumstances. In other words, you must determine whether defendant used an amount of force reasonably necessary to arrest Billy Stinnett, prevent escape, or defend himself or

another against bodily harm, or whether instead the defendant used more force than reasonably necessary to accomplish these purposes.

In determining whether the government has proved beyond a reasonable doubt that the use of force was unreasonable, the defendant's use of force is reviewed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

For purposes of this instruction, the definitions of "under color of state law" and "willfully" contained in Instruction No. 3 apply.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.



## INSTRUCTION NO. 9

## COUNT 13

Count 13 of the second superseding indictment charges that between February 24, 2010, and April 24, 2010, in the Western District of Kentucky, the Defendant, Christopher Eaton aided and abetted Trevor Phillips in the commission of the crime of destruction of a record, document, or tangible object, specifically deleting photographic evidence which depicted Defendant Eaton in the act of assaulting Billy Stinnett, in violation of 18 U.S.C. § 1519.

Title 18 U.S.C. § 1519 makes it a crime for anyone to knowingly alter, destroy, conceal or cover up a record, document, or tangible object. A person is guilty of a violation of 18 U.S.C. § 1519 if the government proved each of the following three elements beyond a reasonable doubt:

First, that he knowingly altered, destroyed, concealed, or covered up a record, document, or tangible object;

Second, that the record, document, or tangible object related to a matter within the jurisdiction of a federal agency; and

Third, that he acted with the intent to impede, obstruct, or influence an investigation of a matter within the jurisdiction of a federal agency.

The Federal Bureau of Investigation is a federal agency as that term is used in this Instruction. The FBI has jurisdiction and authority to investigate allegations that individuals have violated the civil rights of others.

Title 18 U.S.C. §1519 is meant not only to prohibit obstruction of ongoing federal investigations, but also to prohibit people from destroying records, documents, or tangible objects or engaging in other forms of obstruction for the purpose of thwarting a federal

19



investigation before it ever gets started. The government need not prove that an FBI investigation was ongoing, or either imminent at the time the photograph was deleted. The government also need not prove that Trevor Phillips actually anticipated that there would be a federal investigation into the treatment of Stinnett. Nor is it necessary for the government to prove that Trevor Phillips knew that the FBI had jurisdiction to investigate allegations of civil rights violations or that Trevor Phillips' destruction of the photograph actually succeeded in obstructing or influencing a federal investigation. What is essential is that the government proves that, in destroying the photograph, Trevor Phillips acted with the intent to impede, obstruct, or influence any ongoing or future investigation into those matters which were contained in that photograph.

For you to find the Defendant, Christopher Eaton, guilty as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime of destruction of a record, document, or tangible object in violation of 18 U.S.C. § 1519 as discussed above was committed;

**Second**, that Defendant, Christopher Eaton, helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that Defendant Eaton intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.



If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that charge as an aider and abettor.

## INSTRUCTION NO. 10

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.



## INSTRUCTION NO. 11

### "And" means "Or"

Although some of the counts in the second superseding indictment allege that the statute in question was violated by various acts, which are in the indictment joined by the conjunctive "and," it is sufficient for guilt if the evidence establishes beyond a reasonable doubt the violation of the statute by any one of the acts charged.



## INSTRUCTION NO. 12

### Impeachment by Prior Inconsistent Statement

You have heard testimony that before trial some witnesses made statements that may be different from their testimony here in court.  These prior statements were brought to your attention only to help you decide how believable their testimony was.  You cannot use these prior statements as proof of anything else.  You can only use these prior statements as one way of evaluating their testimony here in court.

## INSTRUCTION NO. 13

### Impeachment of Witness by Prior Conviction

You have heard the testimony of Billy Randall Stinnett.  You have also heard that before this trial he was convicted of several crimes.  These earlier convictions were brought to your attention as one way of helping you decide how believable his testimony was.  You may consider these prior convictions insofar as you believe they related to his credibility as a witness, if you believe it does.



## INSTRUCTION NO. 14

**Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability**

**Testimony of an Accomplice**

You have heard the testimony of Joseph Adam Gene Minor. You have also heard that the government has promised him that he will face reduced criminal liability in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Furthermore, you have also heard that Joseph Adam Gene Minor was involved in the some of the same crimes that the Defendants are charged with committing. You should consider the testimony of an accomplice with more caution than the testimony of other witnesses.

Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Joseph Adam Gene Minor has pleaded guilty to a crime is not evidence that the Defendants are guilty, and you cannot consider this against the Defendants in any way.



## INSTRUCTION NO. 15

### Testimony of Addict or Substance Abuser

Evidence was introduced during the trial that Billy Stinnett was using drugs and was addicted to drugs when the events took place. There is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be considered with care and caution. The testimony of such a witness may be less believable because of the effect the drugs may have on his ability to perceive, remember, or relate the events in question.

After considering his testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.



## INSTRUCTION NO. 16

### Character and Reputation of Defendant

You have heard testimony about the defendants' good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that they committed the crimes charged.



## INSTRUCTION NO. 17

### Age of Witness

You have heard the testimony of some young witnesses. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.



## INSTRUCTION NO. 18

### Summaries and Other Materials Not Admitted in Evidence

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.



## INSTRUCTION NO. 19

### Separate Consideration of Defendants and Charges

The defendants have been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on the other defendants or any of the other charges.



## INSTRUCTIONS NO. 20

### Guilt of Others

The defendants are on trial only for the particular crimes charged in the second superseding indictment and not for any other crimes. Your job is limited to deciding whether the government has proven the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this conduct is not a proper matter for you to consider. The guilt or possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven the defendants guilty. Do not let the guilt or possible guilt of others influence your decision in any way.



**INSTRUCTION NO. 21**

The second superseding indictment charges that the crimes occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offenses were committed on a date reasonably near the date alleged.



## INSTRUCTION NO. 22

If you decide that the government has proved the Defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendants guilty beyond a reasonable doubt.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so.  The first order of business should be the selection of a foreperson.  That person will  preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt. To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.  Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you.  You

should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this

36

case.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

