# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:12CR-00011-JHM

UNITED STATES OF AMERICA                                     PLAINTIFF

VS.

CHRISTOPHER BRIAN EATON                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Christopher Eaton, for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)), or in the alternative, for a new trial pursuant to Fed. R. Crim. P. 29(d) and 33 [DN 201]. Fully briefed and argued, this matter is ripe for decision.

## I. BACKGROUND

On February 24, 2010, numerous officers from the Barren County Sheriff's Office, the City of Glasgow Police Department, and the Kentucky State Police were involved in an hour-long pursuit of Billy Randall Stinnett that ended after Stinnett crashed his van into a church. The pursuit began at or near the Hart-Barren County line following several citizen complaints to dispatch regarding a reckless driver in a van. After the crash, Stinnett fled on foot and ran to an area where he was trapped by three walls of a church building. The United States alleged that Defendants, Christopher Eaton, Aaron Bennett, Adam Minor, and Eric Guffey, used excessive force in apprehending Stinnett. The Defendants were charged with deprivation of rights under color of law and making false statements to the FBI. Defendant, Christopher Brian Eaton, was also charged with witness tampering, falsification of documents, and destruction of a record, document, or tangible object. In total, Eaton was charged with eight separate counts in the Second Superseding Indictment. On May 9, 2013, Defendant Eaton was found guilty of Counts 4 and 5 of the second superseding indictment

charging him with tampering with a witness, specifically, Steve Runyon and Joseph Adam Minor, in violation of 18 U.S.C. § 1512(b)(3). The jury returned not guilty verdicts on all other counts charged against Defendant Eaton and Defendants Bennett and Guffey.

Defendant Eaton now moves this Court to set aside the guilty verdicts and enter a judgment of acquittal on both counts. At the end of the Government's case and again at the close of the evidence, Defendant moved pursuant to Fed. R. Crim. P. 29 for a judgment of acquittal. Defendant again renews his motion for judgment of acquittal arguing that (1) the evidence did not establish a violation of 18 U.S.C. § 1512(b)(3) as alleged in Counts 4 and 5; (2) there is an absence of unanimity as to the verdict on Count 5; (3) the jury should have been instructed on the affirmative defense contained in 18 U.S.C. § 1512(e); and (4) a constellation of other issues resulted in a miscarriage of justice.

## II. STANDARD OF REVIEW

A Rule 29 motion for judgment of acquittal "is a challenge to the sufficiency of the evidence." United States v. Jones, 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir. 1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Humphrey, 279 F.3d 372, 378 (6th Cir. 2002)); United States v. Harrod, 168 F.3d 887, 889-90 (6th Cir. 1999). "In ruling on a sufficiency of the evidence challenge, the Court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury." United States v. Cannady, 2006 WL 1718193, *2 (E.D. Ky. June 21, 2006).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether to grant a new trial is committed to the "sound discretion of the trial judge." United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982); United States v. Pierce, 62 F.3d 818, 823 (6th Cir.1995). When presented with a Rule 33 motion, the district court may weigh the evidence and assess the credibility of the witnesses. "It has often been said that he/she sits as a thirteenth juror." United States v. Solorio, 337 F.3d 580, 589 n. 6 (6th Cir. 2003) (internal citations omitted). However, "new trial motions are disfavored and should be granted with caution." United States v. Willis, 257 F.3d 636, 645 (6th Cir. 2001) (citation omitted). The trial court should exercise this discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988). The Defendants bear the burden of proving that a new trial should be granted. United States v. Davis, 15 F.3d 526, 531 (6th Cir. 1994); United States v. Turner, 995 F.2d 1357, 1364 (6th Cir.1993).

## III. DISCUSSION

### A. Sufficiency of the Evidence

The Defendant seeks a judgment of acquittal on his convictions for witness tampering in violation of 18 U.S.C. § 1512(b)(3) arguing that the evidence at trial was not sufficient to support his conviction. Specifically, Defendant first argues that there was no proof that he "hinder[ed], delay[ed], or prevent[ed]" the communication of any information. Second, Defendant argues that the information about the knife underlying Counts 4 and 5 does not "relat[e] to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b)(3).

3

### 1. Hindered, Delayed, or Prevented Communication

Defendant Eaton first argues that there was no proof that he hindered, delayed, or prevented the communication of any information through any means. Count 4 of the Indictment alleges that Eaton intimated, threatened, and corruptly persuaded Runyon, or attempted to do so, by directing and suggesting that Runyon prepare a report suggesting that he had witnessed or observed a knife on the ground in the area where Sheriff Eaton and the deputies confronted Stinnett. Similarly, Count 5 alleges in part that Eaton directed and suggested that Adam Minor provide false information that Stinnett had pulled a knife on Eaton during the arrest.

To prove a violation of 18 U.S.C. § 1512(b)(3), the Government must prove that the defendant possessed the intent to prevent the victim from communicating with law enforcement officers. Fowler v. United States, 131 S.Ct. 2045, 2050 (2011). "And one can possess an intent (*i.e.*, one can act in order to bring about a certain state of affairs) even if there is considerable doubt whether the event that the intent contemplates will in fact occur." Id. Additionally, the Government must show *"a reasonable likelihood"* that one of the relevant communications would have been made to a federal officer. Id. at 2052.

Given the evidence presented at trial, any rational trier of fact could have found that Eaton acted with the intent to prevent Steve Runyon and Adam Minor from communicating information related to a Federal offense. Runyon testified that Eaton directed him to prepare a false Barren County Sheriff's Office report for the FBI, which was investigating the alleged assault of Stinnett by the Defendants. Runyon testified that Eaton told him to write in his report that Runyon found a knife on the ground where Stinnett was physically confronted by Eaton. Runyon testified that he did not observe the knife on the ground at that location. Runyon testified that he was pressured to

create the false report for the FBI by Eaton because Eaton was his boss and a lifelong friend. Similarly, Minor testified at trial that Eaton instructed him to prepare a false Barren County Sheriff's Office report for the FBI that included false information about the knife. Minor testified that Eaton told him what to write in his report and reviewed it once Minor completed the report.

After viewing Runyon's and Minor's testimony in the light most favorable to the United States, the Court finds that a rational trier of fact could have found beyond a reasonable doubt that Eaton knowingly intimidated, threatened, or corruptly persuaded Runyon or Minor, or attempted to do so, and that Eaton acted with the intent to hinder, delay, or prevent the communication to federal law enforcement officers of information relating to the possible commission of a Federal offense.

**2. Eaton's Conduct Related to Knife**

Defendant Eaton next argues that the conduct related to the knife cannot constitute a violation of 18 U.S.C. § 1512(b)(3) as alleged in Counts 4 and 5. Eaton contends that the "commission or possible commission of a Federal offense" at issue in this case was whether Stinnett was unlawfully beaten *after* he was handcuffed and restrained. Eaton maintains that whether Stinnett was or was not armed with a knife and whether a knife was or was not found at the scene is completely irrelevant and immaterial to the "commission or possible commission of a Federal offense," *i.e.* assaulting Stinnett after he was handcuffed. In support of this argument, Eaton cites to Agent Brown's interview of Eaton on April 20, 2010, and to Agent Brown's lack of recording an inquiry about the knife in his 302 Report of that interview. Eaton suggests that between February 24 and April 24, 2010, the FBI was not investigating an alleged assault of Stinnett that occurred before he was handcuffed. Eaton argues that even if he had "directed and suggested" that Runyon put information in his report regarding the knife or if Eaton had "directed and suggested" that Minor

5

report that Stinnett had "pulled a knife," such conduct could not have hindered, delayed, or prevented the communication to federal law enforcement officers of information related to the commission or possible commission of the Federal offense of assaulting Stinnett while he was handcuffed.

Contrary to Eaton's argument, the Federal investigation and prosecution concerned the unreasonable use of force against Stinnett both before and after he was restrained. Count 1 of the second superseding indictment alleged that Defendant Eaton assaulted Stinnett. The superseding indictment did not limit the assault in question to after Stinnett was restrained. Nor did the proof at trial establish that the FBI's investigation related solely to the question of whether Stinnett was assaulted after being handcuffed. Rather, the United States offered evidence through the testimony of Stinnett, Sydney Robertson, and Adam Minor that there was an unreasonable use of force both before and after Stinnett was handcuffed. Because the knife information related to the *possible* unreasonable use of force by defendant Eaton prior to Stinnett being restrained, the conduct related to the knife does support a conviction under 18 U.S.C. § 1512(b)(3). See United States v. Ronda, 455 F.3d 1273, 1288 (11th Cir. 2006)("§ 1512(b)(3) requires only 'the *possible* existence of a federal crime and a defendant's intention to thwart an inquiry into that crime.'"); see also United States v. Carson, 560 F.3d 566, 582 (6th Cir. 2009)(rejecting argument that Arthur Anderson, LLP v. United States, 544 U.S. 696 (2005) requires "the courts to graft onto § 1512(b)(3) an 'official proceeding' requirement based on the statutory language in § 1512(b)(2).")

In the present case, the United States has presented sufficient evidence from which a reasonable jury could find that Eaton acted with the intent to prevent the communication of truthful information to federal law enforcement officers related to the possible commission of a federal

offense when he directed both Runyon and Minor to provide false information about the knife.

## *B. Unanimity in Count 5*

Defendant Eaton argues that Count 5 of the Indictment which charged him with witness tampering as to Adam Minor in violation of 18 U.S.C. § 1512(b)(3) is duplicitous. Specifically, Count 5 charged Defendant Eaton with intimidating, threatening, or corruptly persuading Minor to "(1) conceal from local authorities and the FBI truthful information relating to an unreasonable use of force against [Stinnett] by defendant Eaton and the other officers involved in the arrest of [Stinnett] on February 24, 2010, and (2) provide false information to local authorities and the FBI stating that [Stinnett] had pulled a knife on defendant Eaton during [Stinnett's] arrest on February 24, 2010 . . . ." Eaton argues that Count 5 charges separate offenses in a single count and as a result, a specific unanimity instruction was required so that it could be determined which act (or both) the jury relied on in reaching a guilty verdict as to the single count. Eaton contends that as a result of this error a judgment of acquittal should be entered, or at a minimum, a new trial should be granted. The Court disagrees.

"A count may allege that the . . . defendant committed [an offense] by one or more specified means." Fed. R. Crim. P. 7(c)(1). This provision "is intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Id. at Advisory Committee Note 2. "In cases involving a single penal statute that articulates several alternative ways the statute may be violated, and each is subject to the same punishment, however, the indictment may charge any or all acts that violate that one statute in a single count, and the government can satisfy its burden of proof by proving that the defendant committed any of the acts alleged in violation of the statute." United States v. Hill, 2010 WL 128314, *13 (N.D. Ga.

2010)(citing United States v. Burton, 871 F.2d 1566 (11th Cir. 1989)). See also United States v. Damrah, 412 F.3d 618, 622-23 (6th Cir. 2005). The Court rejects Eaton's argument that Count 5 is duplicitous, "and finds instead that it merely alleges two alternative ways in which Defendant violated 18 U.S.C. § 1512(b)(3)." Hill, 2010 WL 128314, *14. "[T]he Government can satisfy its burden of proof at trial by proving that Defendant committed *any* of the acts alleged in violation of the statute." Id. (citing Burton, 81 F.2d at 1573). As a result, an unanimity instruction was not necessary. "The law only requires a unanimous verdict that the statute was violated; it does not require that the jurors all get to the same result by the same means." Hill, 2010 WL 128314, at *14. See also United States v. Davis, 286 Fed. Appx. 353, 355-356 (9th Cir. 2008)(citing Schad v. Arizona, 501 U.S. 624, 632 (1991)); United States v. Gray, 692 F.3d 514, 520-521 (6th Cir. 2012); United States v. Cromer, 436 Fed. Appx. 490, 493 (6th Cir. 2011). Thus, no error in the jury instructions occurred.

Additionally, Eaton did not request a jury instruction to address this issue or raise the issue at any time before the Court instructed the jury. "Where the defendant does not object to the district court's instructions to the jury, review is limited to plain error." United States v. Kakos, 483 F.3d 441, 445 (6th Cir. 2007). "To demonstrate plain error, a defendant must show (1) error, (2) that was plain, and (3) affected his substantial rights by causing him prejudice." United States v. Perry, 401 Fed. Appx. 56, 61 (6th Cir. 2010)(citing United States v. Cotton, 535 U.S. 625, 631–32 (2002)). If all three conditions are satisfied, the Court may exercise its discretion to notice a forfeited error only if the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting United States v. Davis, 306 F.3d 398, 417 (6th Cir. 2002)).

Considering the evidence presented at trial and the jury's acquittal on all unreasonable force

8

charges, the jury undoubtedly determined that Eaton only intimidated, threatened, or corruptly persuaded Minor to provide "false information to local authorities and the FBI stating that [Stinnett] had pulled a knife on defendant Eaton during [Stinnett's] arrest on February 24, 2010 . . . ." (Second Superseding Indictment ¶ 2.) Thus, there is no risk that the jury was not unanimous in its belief that Eaton committed the crime of witness tampering in the same way or by the same means. Therefore, even if the second superseding indictment was duplicitous in charging Eaton with more than one violation of witness tampering, "and the infirmity was not remedied by a jury instruction, [Eaton] has failed to demonstrate any prejudice from the errors." For this reason, the Court finds that Eaton has not established plain error. Perry, 401 Fed. Appx. at 63.

### C. Instruction on Affirmative Defense in 18 U.S.C. § 1512(e)

Defendant Eaton argues that a new trial should be granted because the Court did not instruct the jury on the affirmative defense contained in 18 U.S.C. § 1512(e). Title 18 U.S.C. § 1512(e) provides: "In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully." Eaton contends that it appears entirely plausible – even likely– that the jury construed anything that was said by Eaton to Runyon or Minor as an effort to tamper with a witness. As a result, Eaton argues that the interest of justice requires that the verdict as to Counts 4 and 5 be vacated and a new trial granted pursuant to Fed. R. Crim. P. 33(a).

Eaton did not raise this issue at any time at or before trial. See Fed. R. Crim. P. 12(e). Because Eaton raised this affirmative defense in his motion for new trial, the claim is waived. See United States v. Crawford, 60 Fed. Appx. 520, 532 (6th Cir. 2003).

9

Additionally, Eaton did not request a jury instruction to address this issue. As discussed above, "[w]here the defendant does not object to the district court's instructions to the jury, review is limited to plain error." United States v. Kakos, 483 F.3d 441, 445 (6th Cir. 2007). The affirmative defense provided by § 1512(e) specifically states that a defendant has the burden of proving by a preponderance of the evidence that the conduct charged in an offense under § 1512 "consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully." At trial, Eaton did not present any evidence or direct the Court to any evidence that would support this affirmative defense. The only evidence presented on this issue came from Runyon and Minor who both testified that Eaton encouraged them to lie. Therefore, Defendant Eaton was not entitled to the § 1512(e) jury instruction and his request for new trial based on this argument is denied.

### D. Miscarriage of Justice

In the event the Court concludes that the motion for judgment of acquittal should not be granted under Fed. R. Crim. P. 29, Eaton raises three issues that he argues taken together are grounds for granting a new trial on Counts 4 and 5.

**1. Inconsistent Verdicts**

Defendant Eaton argues that because he was convicted of Counts 4 and 5, but acquitted of all remaining charges, he was acquitted of all the conduct which would underlie any effort to tamper with a witness and therefore the verdicts are inconsistent. The jury acquitted Eaton of three counts related to the violation of Stinnett's civil rights under 18 U.S.C. § 242; of falsifying a report claiming that Stinnett had not been subjected to excessive or unlawful force in violation of 18 U.S.C. § 1519; of making a false statement to the FBI related to whether he or any officer physically struck

Stinnett after Stinnett was handcuffed in violation of 18 U.S.C. § 1001; and of aiding and abetting Trevor Phillips in the destruction of a photograph in violation of 18 U.S.C. § 1519. As a result of the inconsistency, Eaton contends that the verdicts are against the manifest weight of the evidence.

Considering the evidence presented at trial, the Court finds that the verdicts are not inconsistent and the evidence supports the jury's verdict with respect to Eaton's conviction on Counts 4 and 5. Ultimately, based on evidence presented at trial, a reasonable juror could believe that while there was not sufficient evidence to convict Eaton on the unreasonable use of force charges, there was sufficient evidence to believe that Eaton engaged in witness tampering in violation of 18 U.S.C. § 1512(b)(3). The evidence supports a finding that when faced with an FBI investigation into his arrest of Stinnett, Eaton believed that evidence that Stinnett had a knife in his hand at the time of his arrest would further justify his use of the baton on Stinnett to effectuate the arrest. As noted above, "§ 1512(b)(3) requires only 'the *possible* existence of a federal crime and a defendant's intention to thwart an inquiry into that crime.'" Ronda, 455 F.3d at 1288.

Furthermore, the Supreme Court has repeatedly held "that a jury *may* announce logically inconsistent verdicts in a criminal case." United States v. Lawrence, 555 F.3d 254, 261 (6th Cir. 2009). Thus, even if the verdicts were considered inconsistent, Defendant Eaton would not be entitled to a new trial.

### 2. Prosecutor's Statements

Eaton argues that the prosecutor's comments during the United States's rebuttal argument inappropriately referenced Eaton's election not to testify, and that this contributed to a miscarriage of justice that warrants reversal of his conviction and a new trial. The United States disagrees and argues that counsel's comments were not improper. According to the United States, "[t]hey were

made in response to factual theories presented in the closing argument for the defense, and the prosecutor was entitled to point out the lack of evidence supporting those theories." United States v. Forrest, 402 F.3d 678, 686 (6th Cir. 2005).

Assuming for purposes of this motion that the comments were improper, the Court finds that they were not so flagrant as to require reversal. "Flagrancy is a function of four factors: (1) whether the prosecutor's comments tended to mislead the jury or to prejudice the defendant, (2) whether they were isolated or extensive, (3) whether they were deliberate or accidental, and (4) whether the evidence against the defendant was otherwise strong." United States v. Forrest, 402 F.3d 678, 686 (6th Cir. 2005). The comments at issue did not mislead the jury or prejudice the defendant. In fact, Eaton was acquitted of six of the eight counts against him. While the prosecutor's comments were not accidental, the comments were not extensive. Additionally, the evidence against Eaton with respect to witness tampering was strong. Furthermore, the Court's preliminary instructions to the jury included an instruction to the Defendant's right not to testify. Thus, if error did occur, "it did not rise to the level of reversible error." Id. at 686.

### 3. Allen Charge

Eaton argues that the Court erred by including an Allen charge in the initial set of instructions. The Court disagrees. The timing of an Allen charge is left to the discretion of the Court. United States v. Tines, 70 F.3d 891, 896 (6th Cir. 1995)(citing United States v. Sawyers, 902 F.2d 1217, 1220 (6th Cir. 1990)). Eaton offers no authority for his argument that including an Allen charge in the initial set of instructions is reversible error. Additionally, the timing in which the Allen charge was given – before the jury sent any note indicating it was having difficulty in reaching a verdict – was entirely non-coercive. See United States v. Reed, 167 F.3d 984, 990 (6th Cir.

1999)("The totality of the circumstances in which the Allen charge was given must be examined to determine whether the charge was coercive.").

Finally, Eaton complains that since the pattern of notes sent out by the jury indicated the jury was having difficulty reaching a verdict, the partial acquittal on some counts against Eaton coupled with the initial Allen charge "certainly smacks of a compromise verdict" and requires a new trial. (Eaton's Motion at 24.) The Court disagrees. While the Court requested the jury to continue deliberating after receiving a note from the jury indicating that it could not reach an agreement as to certain issues, the Court gave the jury the option of going home for the day and resuming its deliberations the next day. The jury chose to continue deliberating and reached a verdict. The Court finds no miscarriage of justice and, therefore, a motion for new trial is not warranted.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Christopher Eaton, for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)), or in the alternative, for a new trial pursuant to Fed. R. Crim. P. 29(d) and 33 [DN 201] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 15, 2013