# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:12CR-00011-JHM

UNITED STATES OF AMERICA                                     PLAINTIFF

VS.

CHRISTOPHER BRIAN EATON                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Christopher Eaton, for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). [DN 235] The United States objects to the motion. The judgment in the criminal case was entered on August 9, 2013. Defendant filed a notice of appeal on August 20, 2013. The Bureau of Prisons has directed Defendant to report to the Federal Correctional Institution at Oakdale, Louisiana, on September 30, 2013. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

On February 24, 2010, numerous officers from the Barren County Sheriff's Office, the City of Glasgow Police Department, and the Kentucky State Police were involved in an hour-long pursuit of Billy Randall Stinnett that ended after Stinnett crashed his van into a church. The pursuit began at or near the Hart-Barren County line following several citizen complaints to dispatch regarding a reckless driver in a van. After the crash, Stinnett fled on foot and ran to an area where he was trapped by three walls of a church building. The United States alleged that Defendants, Christopher Eaton, Aaron Bennett, Adam Minor, and Eric Guffey, used excessive force in apprehending Stinnett. The Defendants were charged with deprivation of rights under color of law and making false statements to the FBI. Defendant, Christopher Brian Eaton, was also charged with witness

tampering, falsification of documents, and destruction of a record, document, or tangible object. In total, Eaton was charged with eight separate counts in the Second Superseding Indictment. On May 9, 2013, Defendant Eaton was found guilty of Counts 4 and 5 of the second superseding indictment charging him with tampering with a witness, specifically, Steve Runyon and Joseph Adam Minor, in violation of 18 U.S.C. § 1512(b)(3). The jury returned not guilty verdicts on all other counts charged against Defendant Eaton and Defendants Bennett and Guffey.

Following the jury's verdict, Defendant Eaton filed a motion for judgment of acquittal and an alternative motion for a new trial arguing that (1) the evidence did not establish a violation of 18 U.S.C. § 1512(b)(3) as alleged in Counts 4 and 5; (2) there is an absence of unanimity as to the verdict on Count 5; (3) the jury should have been instructed on the affirmative defense contained in 18 U.S.C. § 1512(e); and (4) a constellation of other issues resulted in a miscarriage of justice. The Court denied the motion.

The Court conducted a sentencing hearing on August 1, 2013. After addressing the various objections and issues related to the sentencing, the Court assigned Eaton a total offense level of 23 with a sentencing range of 46 to 57 months. Based on various factors set forth under 18 U.S.C. § 3553(a), the Court imposed a non-guideline sentence of 18 months, two years of supervised release, and a $100 court assessment for each count of conviction. Defendant Eaton now moves for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1).

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3143, a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, must be detained unless (1) the court finds by clear and convincing evidence that the person is not

likely to flee or pose a danger to the safety of any other person or the community and (2) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1); see United States v. Sypher, 2011 WL 1314669, *1 (W.D. Ky. April 1, 2011). The statute creates a presumption against release pending appeal. United States v. Vance, 851 F.2d 166, 169–70 (6th Cir. 1988). The defendant bears the burden of showing that these conditions are met. Id.; Sypher, 2011 WL 1314669, *1.

### III. DISCUSSION

#### A. Risk of Flight or Danger to Others

The clear and convincing evidence establishes that Defendant is not likely to flee or pose a danger to the safety of other persons or to the community. The record reflects that Defendant has complied with the conditions governing his pretrial release since February 15, 2012. Defendant has been routinely granted permission to travel outside the judicial district and the state. In addition, the Court previously determined that Defendant did not pose a risk of flight or a danger to community after the defendant was convicted and sentenced. Finally, assuming the Court would reach the same result, the United States did not present an argument on this issue. Accordingly, the sole issue to be determined is whether Defendant's motion raises a substantial issue for the purpose of permitting him to remain on bond pending resolution of this case by the Sixth Circuit. See United States v. Safiedine, 2012 WL 6725885, *2 (E.D. Mich. Dec. 27, 2012).

#### B. Substantial Question of Law or Fact

An appeal raises a "substantial question" of law or fact when it presents a "close question

3

or one that could go either way." United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985) (citing United States v. Powell, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). See also Sypher, 2011 WL 1314669, *1. A substantial question is "'one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful.'" United States v. Roth, 642 F. Supp. 2d 796, 798 (E.D. Tenn. 2009)(quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Pollard, 778 F.2d at 1182. "[T]he Sixth Circuit has held that 18 U.S.C. § 3143(b)(1)(B) 'does not require the district court to find that it committed reversible error' for it to find that the appeal raises a substantial question." Roth, 642 F. Supp. 2d at 799 (quoting Pollard, 778 F.2d at 1182). Nor must the Court find that the Defendant is likely to prevail on appeal. Powell, 761 F.2d at 1234. As the Sixth Circuit has acknowledged in Pollard where, as here, "the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." Id.

Based on this case law, the Court finds that Defendant's appeal is not for the purpose of delay and that his appeal raises substantial questions that may result in reversal of his conviction if decided in his favor. First, the Court determines that there is a substantial question of law regarding the unanimity instruction with respect to Count 5. While the Court relied upon case law from other jurisdictions, the Sixth Circuit has not specifically addressed the issue presented in the present case: whether the United States can satisfy its burden of proof for a charge of witness tampering under 18 U.S.C. § 1512(b)(3) by proving at trial that a defendant committed any of the witness tampering acts alleged in the count without requiring unanimity as to the specific acts.

4

Second, given the unique circumstances of the case, the Court also finds that the prosecutor's reference to the Defendant's election not to testify raises a substantial question of law that would warrant a new trial if decided in the Defendant's favor. In a case such as this, where the jurors sent written notes to the Court indicating a difficulty in reaching an agreement and then ultimately delivering a split verdict, "the prosecutor's remarks present an additional substantial issue further supporting the Court's decision to grant the [Defendant's] motion[] for bail pending appeal." United States v. Scheur, 626 F. Supp. 2d 611, 617 (E.D. La. 2009).

If these issues are decided in Defendant's favor, the Sixth Circuit is likely to remand the case for a new trial. Further, if any of these issues are decided in the Defendant's favor, the Defendant could potentially serve a considerable portion of his 18-month sentence prior to receiving the Sixth Circuit's decision. Contrary to the United States' argument, if Defendant Eaton's sentence is affirmed by the Sixth Circuit, Eaton will then serve his sentence. His sentence will still serve as a deterrent for other law enforcement officers who might be tempted to abuse their positions of public trust and power. Accordingly, because there is a substantial question of law that if resolved in Defendant's favor would lead to a new trial, Defendant will be permitted to remain released on bond pending appeal.

Because the Court finds that these substantial questions justify Defendant's release on bond pending appeal, the Court finds it unnecessary to address the other issues Defendant alleges raise a substantial question.

### IV. CONCLUSION

For the reasons discussed above, the Court finds that the Defendant has satisfied the requirements of 18 U.S.C. § 3143(b)(1). **IT IS HEREBY ORDERED** that the motion by

5

Defendant, Christopher Eaton, for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1) [DN 235] is **GRANTED**. Defendant shall remain released on bond pending appeal subject to the same conditions previously imposed.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 20, 2013

cc: counsel of record
   U.S. Marshal
   USPO   –   e-designate to BOP